# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE DIXON,<br>CDC# F-00012,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PATRICIA W. ROBINSON, et al.,<br><br>　　　　　　　　　　　Defendant. | Civil No.　07-0553 LAB (CAB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)**<br><br>**[Doc. No. 5]** |

　　　　Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. While Plaintiff's Complaint is not entirely clear, it appears that he is alleging that the Private Conflicts Counsel assigned to his criminal case and the Court appointed investigator, have failed to provide him with adequate assistance in violation of his constitutional rights. (*See* Compl. at 3-6.)　Plaintiff seeks two hundred million in compensatory and punitive damages. (*Id.* at 8.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5].

**I.     Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions that were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

1  docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria
2  under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C.
3  § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an
4  action, and other relevant information," before determining that the action "was dismissed
5  because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases
6  qualify as a strike under § 1915(g)." *Id.* at 1121. The Seventh Circuit likewise requires the
7  district court to cite the specific case names, numbers, districts and dates of dismissal for each
8  civil action it has determined to be a "strike" or "prior occasion." *Id.* at 1120 (citing *Evans v.
9  Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998)).

10        The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
11  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
12  12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).
13  *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight
14  or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
15  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
16  allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
17  arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
18  embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
19  case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
20  at 1121 (quotation and citation omitted).

21  **II.    Application of 28 U.S.C. § 1915(g)**

22        The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is
23  in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d
24  at 1178; *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations
25  that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s
26  imminent and serious physical injury exception). Thus, regardless of Plaintiff's financial status,
27  he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while
28  incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for

failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed in the Southern District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Dixon v. Hernandez, et al.*, S.D. Cal. Civil Case No. 06-2656 H (AJB) (Dec. 29, 2006 Order Dismissing Civil Action as Frivolous) (strike one); *Dixon v. Unified School District, et al.*, S.D. Cal. Civil Case No. 06-2002 W (NLS) (Feb. 21, 2007 Order Dismissing First Amended Complaint for failing to state a claim upon which relief could be granted) (strike two); and *Dixon v. Kolender, et al.*, S.D. Cal. Civil Case No. 06-2730 DMS (JMA) (July 2, 2007 Order Dismissing Second Amended Complaint for failing to state a claim upon which relief could be granted) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under imminent danger of serious physical injury, the Court **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 5]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

### III.   Conclusion and Order

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 5] and **DISMISSES** the case without prejudice for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 13, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge