# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE DIXON, CDCR #F-00012<br><br>                              Plaintiff,<br><br>vs.<br><br>PATRICIA ROBINSON, et al..,<br><br>                              Defendants. | Civil No.   07-0553 LAB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 9]** |

On March 23, 2007, Bennie Dixon ("Plaintiff"), an inmate currently incarcerated at the Richard J. Donovan Correctional Facility, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Subsequently, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") on May 30, 2007. On August 13, 2007, this Court denied Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g). *See* Aug. 13, 2007 Order at 4.

Plaintiff now seeks reconsideration of the Court's Order because he believes that the Court erred in determining that the action *Dixon v. Hernandez, et al.* S.D. Cal. Civil Case No. 06-2656 H (AJB) was a "strike" pursuant to 28 U.S.C. § 1915(g).

////

////

**I.      Plaintiff's Motion for Reconsideration**

   **A.      Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

   **B.      Discussion**

In his Motion, while not entirely clear, it appears that Plaintiff is arguing that the action he filed in *Dixon v. Hernandez, et al.* S.D. Cal. Civil Case No. 06-2656 H (AJB) should not be considered a "strike" for § 1915(g) purposes. As the Court informed Plaintiff in the August 13 Order, a prisoner with three or more "strikes" pursuant to 28 U.S.C. § 1915(g) may not proceed IFP. *See* Aug. 13, 2007 Order at 2 (citing *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir.

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

2005). The matter filed by Plaintiff in *Dixon v. Hernandez, et al.* S.D. Cal. Civil Case No. 06-2656 H (AJB) is clearly a strike because it was dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). This constitutes a "strike" for § 1915(g) purposes.

In short, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

## II. Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 9]. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: September 6, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge